**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| HIAS, INC., *et al*., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 8:19-cv-3346-PJM |
| DONALD TRUMP, in his official capacity as President of the United States, *et al*., | |
| *Defendants*. | |

**PLAINTIFFS' MOTION TO STRIKE THE VEPREK DECLARATION
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs hereby move this Court for an order striking the Declaration of Andrew M. Veprek (ECF No. 54-1) and its attachment, which Defendants submitted with their opposition to Plaintiffs' Motion for a Preliminary Injunction. Defendants use the Veprek Declaration to provide post-hoc rationalizations for the agency action that Plaintiffs challenge as arbitrary and capricious: the decision to implement Executive Order 13888 through the FY2020 Notice of Funding Opportunity. *See* Defs.' Opp'n to Mot. for Prelim. Inj. at 20-25, ECF No. 54; Pls.' Mot. for Prelim. Inj. at 23-31, ECF No. 18. Defendants' use of the Veprek Declaration is prohibited by bedrock principles of administrative law, and so Plaintiffs move to strike the Declaration, or, in the alternative, for an order excluding it from consideration on the merits of Plaintiffs' arbitrary and capricious claim.

Counsel for Plaintiffs sought to confer with counsel for Defendants regarding this motion but have not received a response at the time of this filing. Plaintiffs are contemporaneously filing a motion to expedite briefing on this motion, so that the briefing would be complete in advance of the January 8, 2020 argument on Plaintiffs' Motion for a Preliminary Injunction.

**BACKGROUND**

This case concerns recently issued Executive Order 13888 and the Defendant agencies' implementation of it.  The Executive Order directs that, for the first time in the 40-year history of the U.S. Refugee Admissions Program, and in violation of the Refugee Act, the resettlement of refugees will be conditioned on the prior affirmative written consent of both the State and the locality where the refugees would be resettled.  *See* Pls.' Mot. for Prelim. Inj. ("PI Mot.") at 7-9. The agencies, in turn, decided to implement the Executive Order—including its requirement to obtain that affirmative written consent—through the FY 2020 Notice of Funding Opportunity ("NOFO"), thereby offloading to Resettlement Agencies (including Plaintiffs) the responsibility for determining which state and local officials have the authority to consent and for obtaining the requisite written consents, on the pain of losing their ability to continue resettling refugees in the upcoming funding period.  *See id.* at 9-10.  Defendants did so with no evident consideration of the feasibility, impact, fairness, or even legality of their action, in disregard of the APA's requirement that agencies act in a reasoned manner when taking actions this consequential.  *See id.* at 24-30.

The parties are currently briefing Plaintiffs' request for preliminary injunctive relief. Plaintiffs filed their motion on November 22, 2019, in which they explained, *inter alia*, why they are likely to prevail on their claim that Defendants acted arbitrarily and capriciously in deciding to implement the Executive Order through the NOFO.  *See id.*  On December 20, Defendants filed their brief in opposition (hereinafter, "Opp'n"), attaching as an exhibit the Declaration of Deputy Assistant Secretary Andrew M. Veprek, who "direct[s] the Department of State's implementation of Executive Order 13888."  Veprek Decl. ¶ 2.  As detailed below, Defendants principally use the Veprek Declaration to provide rationalizations for the agencies' decision to implement the Executive Order through the NOFO.

Plaintiffs' reply memorandum in support of their request of preliminary injunctive relief is due on January 3, with argument set for January 8, 2020.  *See* Scheduling Mem., ECF No. 29.

## LEGAL STANDARD

In applying the APA's arbitrary and capricious standard, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam).  "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 50 (1983).  "The 'basis articulated by the agency' is the administrative record, not subsequent litigation rationalizations."  *N.C. Wildlife Fed'n v. N.C. Dep't of Transp.*, 677 F.3d 596, 604 (4th Cir. 2012) (quoting *State Farm*, 463 U.S. at 50).  "The APA requires the explanation of decisions to come from the agency during the administrative process—in the words of the Fourth Circuit, 'the required explanation must be articulated by the agency at the time of its action.'"  *Md. Native Plant Soc'y v. U.S. Army Corps of Eng'rs*, 332 F. Supp. 2d 845, 859 (D. Md. 2004) (Messitte, J.) (citation omitted) *accord Dow AgroSciences LLC v Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 467-68 (4th Cir. 2013); *Healthy Teen Network v. Azar*, 322 F. Supp. 3d 647, 659 (D. Md. 2018).

As a consequence, in defending the reasonableness of the agency's actions, the government may not rely on post-hoc rationalizations, including those in "litigation affidavits."  *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971); *Dow AgroSciences LLC*, 707 F.3d at 467-68 (holding that a district court abused its discretion in considering an agency affidavit providing post-hoc reasoning for the challenged agency action); *N.C. Wildlife Fed'n*, 677 F.3d at 604 (rejecting agency argument that information given during litigation could "cure[]" earlier deficiencies, as tantamount to accepting post-hoc rationalizations); *Am. Trucking Assocs., Inc. v.*

*Fed. Highway Admin.*, 51 F.3d 405, 411 (4th Cir. 1995) (explaining that to withstand even deferential APA review, "it is this actual reasoning that must prove reasonable, not the post hoc rationalization devised during litigation"); *see also N.L.R.B.  v. Metro. Life Ins. Co.*, 380 U.S. 438, 444 (1965) (explaining that "the integrity of the administration process requires that courts" reject post-hoc rationalizations for agency action).

There are some exceptions to the general rule that the merits of an arbitrary and capricious claim are to be resolved solely on the record before the agency at the time it took the challenged action: a court can consider "background information," particularly regarding unfamiliar or technical issues, as well as "evidence of whether all relevant factors were examined by an agency."[1]  *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 215 (D.D.C. 2012); *accord  AT&T Info. Sys. Inc. v. Gen. Servs. Admin.*, 810 F.2d 1233, 1236 (D.C. Cir. 1987).  But even those limited exceptions do not permit consideration of extra-record evidence to assess the substantive reasonableness of the agency's decision.  *See Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 286 (D.C. Cir. 1981) ("[I]f anything, a judicial venture outside the record can only serve either as background information, or to determine the presence of the requisite fullness of the reasons given; and it can never, under *Camp v. Pitts*, examine the propriety of the decision itself."); *accord Dow AgroSciences LLC*, 707 F.3d at 467-69.

---

[1] The evidence Plaintiffs submitted in support of their arbitrary and capricious claim fit both of these exceptions.  Plaintiffs also submitted evidence for non-APA purposes, including to establish Article III standing and the irreparable injury being inflicted by the Executive Order and NOFO.

**ARGUMENT**

The Veprek Declaration should be stricken because Defendants proffer it for a purpose plainly prohibited by controlling case law: to provide post-hoc rationalizations for the agency's decision to implement the Executive Order through the NOFO.  Specifically, the Declaration:

- Avers that, "PRM, in consultation with ORR, determined that the most appropriate process for implementation of EO 13888 was" through the NOFO (*i.e.*, the agency action challenged by Plaintiffs), *id.* ¶ 5;

- Purports to give reasons why "[t]his [challenged] implementation process was chosen," *see id.* ¶¶ 6-7;

- Avers that "[t]he circumstances of the Unaccompanied Refugee Minor (URM) program . . . were taken into consideration when developing the process to implement EO 13888,"[2] and then purports to rationalize Defendants' treatment of that program, *id.* ¶ 8; and

- Describes post-hoc actions Defendants have taken to address the confusion created by their hasty decision to implement the Executive Order through the NOFO, *see id.* ¶¶ 9-11.

In other words, the Veprek Declaration is (for the most part[3]) pure post-hoc rationalization of the challenged agency action.  And in their brief, this is precisely how Defendants use the Declaration: to defend against Plaintiffs' claim that the agency acted in an arbitrary or capricious manner.  *See* Opp'n at 20-24 (citing the Veprek Declaration some eighteen (18) times across five (5) pages arguing that Plaintiffs are not likely to succeed on the merits of their arbitrary and capricious

---

[2] *Contra* PI Mot. at 28-30 (discussing how Defendants had acted arbitrarily and capriciously by not taking into account the Executive Order's effect on the Unaccompanied Refugee Minor program).

[3] Of the Declaration's six remaining paragraphs, five (¶¶ 1-4, 12) are arguably "background information," while the last (¶ 13) is a vague and conclusory attempt to argue that, should the Court issue a preliminary injunction, "the U.S. Government would be significantly harmed."

claim).  Bedrock APA principles preclude consideration of Defendants' litigation affidavit, and it should be stricken.  *See Dow AgroSciences LLC*, 707 F.3d at 469 (holding that district courts should review the challenged action "on the basis of the agency record before the district court, disregarding the justifications and rationalizations" provided in litigation affidavits or by agency counsel); *see also Md. Native Plant Soc'y*, 332 F. Supp. 2d at 858-59 ("[Defendant], as any federal agency, remains accountable for its decision under the arbitrary and capricious standard, and the short of the matter is that the 'agency action will not be upheld where inadequacy of explanation frustrates review.'" (citation omitted)).

Defendants make no attempt to justify their reliance on the Veprek Declaration or to explain why they believe the Court can consider it.  Defendants do argue that the agency action that Plaintiffs challenge is not final because funding grants have not yet been determined, and that therefore "[t]he relevant [administrative] record . . . is still being developed."  Opp'n at 19-20.  But Plaintiffs are not challenging the ultimate funding decisions—they are challenging Defendants' decision to implement the Executive Order through the NOFO.  Defendants do not claim that they cannot provide the documents that were before the agency at the time it decided to implement the Executive Order through the NOFO; Defendants have simply deemed such information, unilaterally, to be irrelevant, based on their litigation position that the NOFO is not final agency action.  As will be explained in Plaintiffs' forthcoming reply memorandum, Plaintiffs were not required to wait for the final funding grants to challenge the implementation of the Executive Order through the NOFO, because the NOFO meets the test for final agency action of *Bennett v. Spear*, 520 U.S. 154 (1997).  But regardless, even if Defendants are correct that the NOFO is not final agency action, that is neither here nor there; Defendants still have not identified a permissible

purpose for which the Court would be able to consider the Veprek Declaration's post-hoc rationalizations.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an order striking the Veprek Declaration (including its attachment) or, in the alternative, excluding it from consideration in assessing the merits of Plaintiffs' arbitrary and capricious claim.

Dated: December 23, 2019

Respectfully submitted,

/s/ Justin B. Cox
Justin B. Cox (Bar No. 17550)
International Refugee Assistance Project
PO Box 170208
Atlanta, GA 30317
jcox@refugeerights.org
(516) 701-4233

Melissa S. Keaney*
International Refugee Assistance Project
PO Box 2291
Fair Oaks, CA 95628
mkeaney@refugeerights.org
(916) 546-6125

Linda Evarts*
Kathryn Austin*
Mariko Hirose**
International Refugee Assistance Project
One Battery Park Plaza 4th Floor
New York, NY 10004
levarts@refugeerights.org
kaustin@refugeerights.org
mhirose@refugeerights.org
(516) 701-4620

* Appearing *Pro Hac Vice*
** *Pro Hace Vice* motion pending