IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HIAS, INC., *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　*Defendants*. | Civil Action No. 8:19-cv-3346-PJM |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE THE VEPREK DECLARATION**

In their Opposition to Plaintiffs' Motion to Strike ("Defs.' Strike Opp'n") (ECF No. 61), Defendants provide a handful of disparate reasons for why the Veprek Declaration can be considered. None justify considering the litigation affidavit in the Court's assessment of Plaintiffs' likelihood of success on the merits of their claim that the implementation of Executive Order 13888 through the Funding Notice was arbitrary and capricious.

First, Defendants double down on their arguments that the Funding Notice is not final agency action in order to claim that the record rule does not apply. *See* Defs.' Strike Opp'n at 5-6. But as Plaintiffs have explained, *see* Pls.' Mot. to Strike, ECF No. 56, at 6-7, whether the Funding Notice is final agency action is a legal conclusion for the Court to make, and Defendants' litigation position on that legal question is irrelevant to whether Defendants can use a post-hoc litigation affidavit to defend the agency's actions on the merits. *See id.* The two issues are distinct, and Defendants' continued conflation of them only distracts.

Second, Defendants argue that the Veprek Declaration should not be struck based on the self-serving claim that "the information in the Veprek Declaration accurately describes" the topics it discusses. Defs.' Strike Opp'n at 6. Defendants cite no support for their suggestion that

application of the record rule turns on whether or not the proffered litigation affidavit is "accurate[]," and indeed, that consideration is simply beside the point.  *See Dow AgroSciences LLC v Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 468 (4th Cir. 2013) (describing the limited circumstances under which a litigation affidavit can be considered—"affidavits not contained in the agency record are permissible only where 'there was such failure to explain administrative action as to frustrate effective judicial review'"—with no mention of accuracy being a relevant factor (quoting *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973)).

Third, and specifically in defense of the Veprek Declaration's discussion of the guidance issued six weeks after the agency decided to implement the Executive Order through the Funding Notice, Defendants accuse Plaintiffs of trying to have it both ways: "Plaintiffs seek to argue, on the one hand, that Defendants have provided insufficient guidance regarding how the consent requirement should be implemented, but then, in the instant motion to strike, try to prevent the Court from considering Defendants' explanation for how they have done so."  Defs.' Strike Opp'n at 7 (citing Pls.' Mot. for a Prelim. Inj. ("PI Mot."), ECF No. 18, at 24-26).  The premise of this argument is wrong.  Plaintiffs' claim is *not* that Defendants gave insufficient "guidance"; their claim is that Defendants did not *take into account* all the relevant factors when it decided to implement the Executive Order through the Funding Notice.  *See* PI Mot. at 24-26; Pls.' Reply Mem. in Supp. of Mot. for Prelim. Inj. ("PI Reply"), ECF No. 60, at 11-15.  The incomprehensibility of the Funding Notice's directives is evidence that the agency did not take into account all relevant factors in making the challenged agency action; however, it is irrelevant to the reasonableness of the challenged agency action that it later tried to address issues it

previously overlooked or (as here) ignored.[1]  *See* PI Reply at 13 (explaining how the Veprek Declaration "makes abundantly clear that the agency had not given consideration to several important factors at the relevant time—which was when the Funding Notice was issued").

Fourth, Defendants argue—principally on the basis of a 30-year-old out-of-circuit case, *Women Involved in Farm Economics* (*WIFE*) *v. USDA*, 876 F.2d 994 (D.C. Cir. 1989)—that the Court can consider the Veprek Declaration because, they claim, the Funding Notice was exempt from notice and comment rulemaking.  *See* Defs.' Strike Opp'n at 7-9.  Whether the implementation of the Executive Order must go through notice and comment rulemaking is a contested issue, *see* Compl., ECF No. 1, ¶ 140 (alleging violation of the requirements of notice and comment rulemaking), but its resolution is not necessary here, because Defendants dramatically overstate its import.  Under D.C. Circuit precedent, the fact that the agency action was statutorily exempt from notice and comment rulemaking can be a factor in deciding whether to consider a litigation affidavit, but even then, the affidavit cannot provide reasons not already present in the "contemporaneous record" of the agency action.  *Rhea Lana, Inc. v. United States*, 925 F.3d 521, 524-25 (D.C. Cir. 2019) (discussing, *inter alia*, *WIFE*, 876 F.2d at 999).  More importantly, under controlling precedent, resort to litigation affidavits is only permissible where contemporaneous justifications are "so lacking" that it frustrates judicial review.  *Dow AgroSciences LLC*, 707 F.3d at 467-68 (holding that the district court abused its discretion in considering on the merits an affidavit that purported to "summarize the contents of the

---

[1] Defendants claim it was "entirely natural" for the agency to provide the guidance in response to questions, weeks after the Funding Notice was issued, Defs.' Strike Opp'n at 6-7, but the agencies were aware of the intractable issues presented by implementing the Executive Order in this way well before the Funding Notice was issued.  *See* Letter from Int'l Refugee Assistance Project to the Dep't of State, the Dep't of Homeland Sec., and the Dep't of Health and Human Servs. (Oct. 24, 2019), attached as Exhibit A.

administrative record and further describe how the record contemporaneously supported the challenged agency determination" (citation and alterations omitted)).  As Plaintiffs noted in their Motion to Strike (at 6), "Defendants do not claim that they cannot provide the documents that were before the agency at the time it decided to implement the Executive Order through the [Funding Notice]," and Defendants' Opposition to the Motion to Strike makes no such claim either.  In fact, Defendants argue that the agency's actions can be assessed based on the Executive Order and Funding Notice alone, *see, e.g.*, Defs.' Opp'n to Mot. for Prelim. Inj., ECF No. 54, at 21, both of which are part of the administrative record, *see* Pls.' Mot. to Strike at 3-4.  Controlling precedent requires basing review on those documents, and "disregarding [any] justifications and rationalizations given to the district court by counsel and by the [litigation] affidavit."  *Dow AgroSciences LLC*, 707 F.3d at 469.

Fifth and finally, Defendants' claim that virtually all of the Veprek Declaration can be considered as "highly relevant background" makes a mockery of the concept of "background" information, by trying to apply that label to proffered reasons for the challenged agency action itself.  *See* Defs.' Strike Opp'n at 9 (claiming that ¶¶ 3 through 11 of the Veprek Declaration can be considered as "background").

\* \* \* \* \*

Plaintiffs respectfully request that the Court strike the Veprek Declaration, or at a minimum, exclude it from consideration on the merits of Plaintiffs' arbitrary and capricious claim.

Dated: January 7, 2020					Respectfully submitted,

/s/ Justin B. Cox
Justin B. Cox (Bar No. 17550)
International Refugee Assistance Project
PO Box 170208
Atlanta, GA 30317
jcox@refugeerights.org
(516) 701-4233

Melissa S. Keaney*
International Refugee Assistance Project
PO Box 2291
Fair Oaks, CA 95628
mkeaney@refugeerights.org
(916) 546-6125

Linda Evarts*
Kathryn Austin*
Mariko Hirose*
International Refugee Assistance Project
One Battery Park Plaza 4th Floor
New York, NY 10004
levarts@refugeerights.org
kaustin@refugeerights.org
mhirose@refugeerights.org
(516) 701-4620

* Appearing *Pro Hac Vice*

5